UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | : : : | Case No. 3:13-cv-286 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| CAROL J. KING BOOKER, *et al.*, | : : | |
| Defendants. | : | |

**DECISION AND ENTRY DENYING DEFENDANT CAROL J. KING BOOKER'S MOTION FOR SUMMARY JUDGMENT (Doc. 16)**

This case is before the Court on the Motion for Summary Judgment filed by Defendant Carol J. King Booker ("King Booker"). King Booker requests that the Court enter summary judgment in her favor, and against Defendant Yvette Mabry ("Mabry"), awarding Mrs. Booker the benefit of a Metropolitan Life Insurance ("MetLife") life insurance policy insuring the life of her deceased husband, Jesse Booker. (Doc. 16). Mabry failed to file any opposition or response to King Booker's Motion, and the time for doing so, as *sua sponte* extended by the Court, has expired. Accordingly, King Booker's Motion for Summary Judgment is ripe for decision by the Court.

**I.  FACTS**

There is not dispute that the late Jesse Booker was a retired employee of General Motors Corporation ("GM") and a participant in GM's basic life insurance plan. Jesse Booker died in 2012 and Defendant Carol King Booker is his surviving spouse. (Doc.

16-1). King Booker lived with Jesse Booker as his wife for more than forty years and they were formally married a year before he passed away. (*Id*.) Defendant Yvette E. Mabry ("Mabry") is Jesse Booker's daughter from a previous marriage and one of his ten children. (*Id*.)

It appears from the allegations that Jesse Booker designated King Booker as the primary beneficiary of his GM plan life insurance benefits in 1989. However, in 2006, GM recorded a beneficiary change to Jesse Booker's plan which named Mabry as the sole beneficiary of his life insurance benefits. Jesse Booker died on September 13, 2012. After his death, Mabry submitted a claim to MetLife, the GM plan's claim fiduciary, for Jesse Booker's $10,000 GM life insurance plan benefits.

King Booker disputed the validity of the 2006 beneficiary change to Mabry, contending that the change was made by Mabry under authority of a power of attorney which was not valid and which was obtained from Jesse Booker by mistake or deception. (Doc. 16-1). Mabry responded by providing MetLife with a Durable Power of Attorney document, executed in 2006, which named Mabry as Jesse Booker's attorney-in-fact. Mabry explained that she made the beneficiary change herself online with Jesse Booker's guidance and direction.

In her narrative Pro Se Answer (Doc. 12), Mabry confirmed the version of events set forth in MetLife's Complaint as to how the GM plan beneficiary was changed from

King Booker to herself.[1]  Mabry indicated in her Answer that she went to the GM benefits website to make the change to her father's life insurance beneficiary designation. (Doc. 12).  According to Mabry, she changed the beneficiary designation on appropriate internet website "under the guidance of [her] father" and under the authority of the Durable Power of Attorney, which Mabry attached to her Answer.  (Doc. 12, PAGEID 83).  Mabry states that her father was sick at the time, but "in very strong and clear mind this was his wish and he wanted me to help him."  (Doc. 12, PAGEID 82).

King Booker speculates that the beneficiary change was contrary to the stated intentions of Jesse Booker and that he stated on a number of occasions toward the end of his life that the life insurance benefits would help King Booker after he passed.  (Doc. 16-1).  King Booker believes that Jesse Booker may have signed the durable power of attorney in 2006 mistakenly believing they were related to Mabry's offer to help him with a bank foreclosure problem.  (Doc. 16-1).

MetLife filed this interpleader action stating that it is unable to determine the proper beneficiary between the two competing claims to the plan benefits, and cannot determine whether Mabry had the authority to change the designation and name herself

---

[1] Notably, King Booker relies upon the facts set forth in Mabry's narrative Answer to support her Motion for Summary Judgment.  Further, Mabry's Answer fails to respond to substantive allegations in MetLife's Complaint and admitted in King Booker's Answer.  The Court deems much of the information set forth in MetLife's Complaint admitted by virtue of King Booker's explicit admission in her Answer (Doc. 15) and Mabry's failure to deny such allegations in her Answer (Doc. 12).  *See* FED. R. CIV. P. 8(b)(6) (stating that "[a]n allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided").

the plan beneficiary. The parties have recently agreed that MetLife may deposit the funds with the Court and be dismissed from the case.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting FED. R. CIV. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Technologies, Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment "must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." *Id*. (citation omitted). In fact, FED. R. CIV. P. 56(c) states that "[a] party asserting that a

fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the material cited do not establish the absence . . . of a genuine dispute[.]"  Where "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . .  consider the fact undisputed for purposes of the motion."  FED. R. CIV. P. 56(e)(2).

### III.  ANALYSIS

King Booker moves for summary judgment essentially asserting a single argument, *i.e.*, that the durable power of attorney Jesse Booker executed authorizing Mabry to act as his attorney-in-fact did not expressly authorize Mabry to change Jesse Booker's beneficiary designations.  In support of her argument, King Booker cites Ohio Rev. Code § 1337.42, which provides that persons acting pursuant to a power of attorney can "[c]reate or change a beneficiary designation" for the principal "only if the power of attorney expressly grants the agent the authority and if exercise of the authority is not otherwise prohibited by another agreement or instrument to which the authority or property is subject[.]"

Here, the Court's review of the durable power of attorney attached to MetLife's Complaint and Mabry's Answer reveals that no express grant of authority to change beneficiary designations exists in the power of attorney.  Accordingly, this Court would be inclined to conclude that Mabry did not possess the authority to change Jesse Booker's beneficiary designation as his attorney-in-fact under the subject durable power of

attorney. The question is whether such a finding is dispositive of the issues presented in this litigation.

King Booker cites a recent case from this district where the court concluded that the absence of express authority for an attorney-in-fact to change beneficiary designations was dispositive. *Metro. Life Ins. Co. v. Schneider-Viers*, No. 3:09-cv-497, 2010 WL 2696817, *6 (S.D. Ohio Jul. 6, 2010) (Merz, M.J.). In *Schneider-Viers*, the court granted summary judgment in favor of a previously designated beneficiary where the subsequent designated beneficiary was named a beneficiary by an attorney-in-fact operating under a power of attorney that did not expressly grant the attorney-in-fact the authority to change beneficiaries. *Id.*. Upon nullifying the change in beneficiary executed by the attorney-in-fact, the court in *Schneider-Viers* concluded that, as a result of such nullification, the previously named beneficiary was entitled to the life insurance benefit as a matter of law. *Id*.

This Judge, however, recently facing a situation materially similar to the circumstances presented in this case, recognized the *Schneider-Viers* decision, but concluded that invalidating a change of beneficiary executed by an attorney-in-fact operating without express authority is not the dispositive issue in an interpleader case between competing beneficiaries. *The Guardian Life Ins. & Annuity Co., Inc. v. White*, No. 1:13-cv-360, 2014 WL 790750 (S.D. Ohio Feb. 26, 2014). Instead, "in an interpleader action, the only relevant issue before the trial court is who the decedent clearly intended as his or her beneficiary[.]" *Id*. at *3. Just because a purported attorney-

in-fact's action may not be sufficient to have "the same legal effect as if Decedent had personally submitted the change[,]" does not mean that such act otherwise performed at the direction of the Decedent cannot evidence the Decedent's clear intent. *See Id.* at *4.

Ohio state court decisions appear to support this Judge's conclusion and rationale in *White*. Ohio courts hold that, if facts in an interpleader case "indicate that the insured communicated to the insurer, or to those who cared for such matters, his clearly expressed intention to name a new beneficiary, such expressed intention alone is determinative of the rights of the contesting claimants[.]" *Donahue v. Carpenter*, No. 91WD057, 1992 WL 66564, *5 (Ohio App. Mar. 31, 1992) (citing *Atkinson v. Metropolitan Life Ins. Co.*, 114 Ohio St. 109 (Ohio 1926); *Rindlaub v. Travelers Ins. Co.*, 175 Ohio St. 303 (Ohio 1963); *Glen v. Aetna Life Ins. Co.*, 73 Ohio App. 452 (1943)). In this case, based upon the above legal conclusion, if Mabry possessed the authority to change Jesse Booker's beneficiary designation, such change of designation is determinative of the issues presented.

However, the reverse is not true as a matter of law, *i.e.*, if Mabry did not possess the authority to change Jesse Booker's beneficiary designation in his stead, the lack of such authority does not preclude her claim as beneficiary as a matter of law. Even if facts in an interpleader action show that an insured did not properly communicate a change in beneficiary to an insurer, "the claimant alleging to be the new beneficiary" can still obtain the benefits of a life insurance policy by demonstrating: "(1) that the insured communicated, to some other person, his clearly expressed intention to name a new

7

beneficiary, and (2) that the insured took, or directed someone to take on his behalf, sufficient steps to notify the insurer or to carry out his intent." *Id*. (citations omitted).

In this case, King Booker's Motion fails to demonstrate the lack of genuine issues of material fact on the issue of who Jesse Booker clearly intended as his beneficiary.  In fact, King Booker's arguments are directed solely at whether the durable power of attorney expressly granted Mabry the power to change Jesse Booker's beneficiary designation.  As noted above, that issue is not dispositive.  Thus, genuine issues of material fact remain as to whom Jesse Booker clearly intended as his beneficiary.

## IV.  CONCLUSION

Accordingly, finding that genuine issues of material fact remain as to whom Jesse Booker clearly intended as his beneficiary, King Booker's Motion for Summary Judgment (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

Date:  4/10/14                                                          *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge