# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

METROPOLITAN LIFE INSURANCE COMPANY, :

    Plaintiff, :

  vs. :

CAROL J. KING-BOOKER, *et al.*, :

    Defendants. :

    :

Case No. 3:13cv00286

Chief Magistrate Judge Sharon L. Ovington

## ORDER

Shortly after the Preliminary Pretrial Conference was held by telephone on September 11, 2014, the Court issued a Scheduling Order setting forth all remaining deadlines in this case. (Doc. #31, *PageID#* 152-53). In relevant part, the Court set October 2, 2014 as the date by which Defendant Yvette E. Mabry must respond to Defendant Carol King-Booker's outstanding discovery requests. (*Id.*). On October 10, 2014, Defendant King-Booker filed a Motion to Dismiss for Failure to Comply with Discovery Order (Doc. #32), noting that Mabry had not yet responded to her discovery requests despite the Court's Scheduling Order issued on September 18, 2014 ordering her to do so, as well as Mabry's representations during the Preliminary Pretrial Conference that she would provide the then-overdue responses within three weeks. (Doc. #32, *PageID#* 156). Counsel for King-Booker further noted that he telephoned Mabry on October 6, 2014, left a voicemail indicating he

was calling about the discovery responses, and requested – but never received – a return call. (Doc. #32, *PageID#* 157). King-Booker requests, as a sanction, dismissal of Mabry's claim to the $10,000 life insurance plan benefits of her late-husband, Jesse Booker, a General Motors retiree,[1] as well as attorneys fees and costs related to the filing of the motion to dismiss. (Doc. #32, *PageID#* 159).

On November 6, 2014, the Court issued an Order and Notice to Defendant Yvette E. Mabry of Possible Sanctions relating to her inaction and failure to comply with readily understandable discovery deadlines and discovery obligations mandated by the Federal Rules of Civil Procedure. (Doc. #33, *PageID#* 175-76). The Court advised Defendant Mabry, who is proceeding *pro se*, that such failures may constitute discovery misconduct and/or a failure to prosecute her claim to funds at issue in this case. (Doc. #33, *PageID#* 176). The Court also specifically cautioned Mabry that "[s]uch misconduct may warrant the imposition of sanctions upon [her], including not only dismissal of her claim to funds at issue in this case, Fed. R. Civ. P. 37(b)(2)(A), but also an Order requiring [her] to pay Defendant King-Booker's reasonable attorney fees that were caused by [her] discovery misconduct, 'unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" Fed. R. Civ. P. 37(b)(2)(C).

Defendant Mabry was Ordered to respond to Defendant King-Booker's written discovery requests and show cause why sanctions, including dismissal of her claim to the

---

[1] Mabry, one of Mr. Booker's ten children, and King-Booker, Mr. Booker's surviving spouse, both claim the insurance proceeds under conflicting designations of beneficiary to the GM policy. (Doc. #32, *PageID#* 155).

funds at issue, should not be imposed upon her for discovery misconduct, on or before November 13, 2014. (*Id.*). A copy of the Order and Notice was sent on November 6, 2014 to Mabry at her address of record. To date, Mabry has not informed this Court why sanctions should not be imposed and has failed to comply with Defendant King-Booker's written discovery requests. (*Id.*).

Pursuant to Fed. R. Civ. P. 37(b)(2), if a party fails to obey a discovery order, the court where the action is pending may, among other sanctions, "dismiss[] the action or proceeding in whole or in part . . . ." The Sixth Circuit has instructed courts to consider four factors in determining whether dismissal for failure to comply with discovery obligations is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)(citations omitted); *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (quotation marks and citation omitted).

As to the first factor, it is the burden of the individual against whom sanctions are sought to show that a failure to comply with court orders and discovery requests was due to inability, not willfulness or bad faith. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)(citation omitted). "Thus, it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not." *Id.* Although the Court recognizes Mabry's *pro se* status, it has provided her a significant amount of time and

3

multiple opportunities to respond to King-Booker's discovery requests. For example, Mabry was advised during the Preliminary Pretrial Conference on September 11, 2014 that her then-overdue discovery responses would be due within three weeks, and was sent a copy of the Scheduling Order setting forth October 2nd as the deadline to comply. After the deadline passed and King-Booker did not receive the responses, counsel left a voicemail for Mabry on October 6th regarding the matter. Mabry did not return counsel's phone call, has still not provided the requested discovery, and recently failed to respond to this Court's Order and Notice. Mabry's failure to provide the requested discovery, despite multiple requests over the past few months, as well as her recent failure to respond to this Court's Order and Notice issued on November 6, 2014, constitutes bad faith and/or a willful delay of this case. Moreover, her *pro se* status is not an excuse for such behavior. *See Jordan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.")). For these reasons, the first factor weighs strongly in favor of dismissal.

Mabry's failure to respond to the requested discovery – a set of interrogatories and request for production of documents – has prejudiced King-Booker by causing time and resources to be wasted on preparing the interrogatories and seeking to secure Mabry's response thereto. King-Booker would be further prejudiced as the discovery deadline has already passed, and this matter is presently set for trial in less than three weeks: December 8,

2014. (Doc. #31, *PageID#* 152-53). Accordingly, the second factor also weighs in favor of dismissal. *See, e.g., Harmon*, 110 F.3d at 368 ("We have no doubt that [defendant] was prejudiced by [plaintiff's] failure to respond to its interrogatories. Not only had [defendant] been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide.").

As Mabry was also specifically warned that her discovery misconduct may lead to dismissal of her claim to the funds at issue in this case should she fail to respond to King-Booker's written discovery requests or to this Court's Order, the third factor also weighs in favor of dismissal.

In light of Mabry's failure to provide the requested discovery, despite an abundance of time and multiple opportunities to do so; as well as Mabry's failure to respond to this Court's Order, King-Booker's motion to dismiss, and counsel's attempt to reach her by telephone; the Court believes no lesser sanction remains available against such an unresponsive party such as Mabry than to dismiss her claim to the funds at issue in this matter. For these reasons, Mabry's claim is hereby dismissed with prejudice.

As to King-Booker's request that sanctions also be awarded for reasonable expenses and attorney's fees in filing her motion to dismiss, the Court finds that although such monetary sanctions would not likely amount to much in light of the brevity and straightforward nature of King-Booker's motion to dismiss, such an additional sanction would be unjust in light of the circumstances of this case and the fact Mabry's claim to the

life insurance proceeds is, as a sanction, dismissed with prejudice.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Carol J. King-Booker's Motion to Dismiss (Doc. #32) is GRANTED as to dismissal of Defendant Yvette E. Mabry's claim to the proceeds from Jesse Booker's life insurance but DENIED in remaining part;

2. Defendant Mabry's claim to the proceeds from Jesse Booker's life insurance benefits is hereby DISMISSED WITH PREJUDICE as a sanction, pursuant to Fed. R. Civ. P. 37(b)(2), for discovery misconduct and failure to comply with Court Orders in this case;

3. Defendant King-Booker is ADJUDGED to be the beneficiary to all proceeds from Jesse Booker's life insurance plan under the General Motors Basic Life Insurance Plan, presently deposited with the Registry of the Court pursuant to the Court's Order of February 3, 2014 (Doc. #20);

4. The Clerk of Court is directed to enter Judgment in favor of Defendant Carol J. King-Booker and against Defendant Yvette E. Mabry;

5. Upon application, the Clerk of Court is directed to release all funds in this case to Defendant Carol J. King-Booker presently on deposit with the Registry of the Court pursuant to the Court's Order of February 3, 2014 (Doc. #20) as set forth in Plaintiff Metropolitan Life Insurance Company's Notice of Deposit (Doc. #21);

5. The trial presently scheduled for December 8, 2014 at 9:30 a.m. is hereby VACATED; and

6. This case is TERMINATED on the docket of this Court.

November 18, 2014

                                                s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                Chief United States Magistrate Judge